United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10684
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SALVADOR RAMOS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-165-3
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Salvador Ramos of conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 21 U.S.C. § 846.

First, Ramos argues that the district court abused its discretion when it did not admit into evidence the Government's motion to dismiss co-defendant Isaias Pintor.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Pintor motion does not discuss Ramos's involvement in the offense. Unlike Pintor's relatively minor role in the offense, Ramos acted as the supplier of methamphetamine and participated in planning the transaction that resulted in his arrest. Pintor's dismissal does not make it any more or less probable that Ramos was innocent, and the Government's motion to dismiss Pintor was therefore not relevant to Ramos's case. See FED. R. EVID. 401. Even if the evidence is considered relevant, it was properly excluded because the evidence was cumulative of trial testimony that showed the questionable character of the co-defendants who testified against Ramos. See FED. R. EVID. 403. The district court therefore did not abuse its discretion when it excluded the Pintor motion. See United States v. Taylor, 210 F.3d 311, 314 (5th Cir. 2000).

Second, Pintor argues that the district court erred when it applied a sentencing enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). Ramos argues that there was no direct evidence that he reasonably foresaw that weapons would be involved in the offense.

One of Ramos's co-defendants dropped a firearm when law enforcement officials attempted to arrest him after he had delivered drugs to the undercover officer. Another firearm was found in the trunk of a vehicle that was used in the drug transaction and that belonged to one of Ramos's co-defendants. Evidence thus establishes that a codefendant knowingly possessed

a gun while he and Ramos jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of intent to distribute.  See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997).  The sentencing court therefore did not commit error, clear or otherwise, when it inferred that Ramos should have foreseen his codefendants's possession of a dangerous weapon and applied the U.S.S.G. § 2D1.1(b)(1) weapons enhancement.  See id.

For the foregoing reasons the judgment of the district court is AFFIRMED.